

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MICHAEL ANTHONY SARRATT, § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. 2:07-0664-HFF-RSC |
| MR. DAUGHTERY, Director; § | |
| SCOTTY BODIFORD, Assistant Director; § | |
| and MR. TURNER, Lt. § | |
| Defendants. § | |

## ORDER

This case was filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the action be dismissed, *without prejudice*, and without issuance and service of process. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 27, 2007, and the Clerk of Court entered Plaintiff's objections on April 4, 2007.

To the extent that Plaintiff requests that the Court appoint counsel, that request is denied. Simply stated, Plaintiff has failed to set forth the exceptional circumstances necessary such that the appointment would be proper.

Although not entirely clear, Plaintiff appears to suggest for the first time in his objections that he is also bringing a retaliation claim. Nevertheless, he fails to set forth "any factual allegations tending to support his bare assertion." *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). "Federal courts have insisted that such plaintiffs allege with specificity some minimum level of factual support in part 'to weed out at an early stage frivolous claims.'" *Id.* at 724 (quoting *Hynson v. City of Chester Legal Dep't.*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988); *see also Slotnick v. Staviskey,* 560 F.2d 31, 33 (1st Cir. 1977) (requiring that facts be pled with specificity "[i]n an effort to control frivolous conspiracy suits under § 1983"). Therefore, the Court finds Plaintiff's failure to come forward with any factual support fatal to a retaliation claim.

The Court has reviewed Plaintiff's remaining objections, and finds them to be without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that the action be **DISMISSED**, *without prejudice*, and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 1st day of May, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.